IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-271

Filed: 21 April 2020

Onslow County, Nos. 16 CRS 55904, 55907

STATE OF NORTH CAROLINA

v.

MARCUS DOMINIQUE CHADWICK

Appeal by defendant from judgments entered 7 November 2018 by Judge Joshua W. Willey Jr. in Onslow County Superior Court. Heard in the Court of Appeals 14 November 2019.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Christopher R. McLennan, for the State.*
>
> *Edward Eldred for defendant.*

DIETZ, Judge.

Defendant Marcus Chadwick was convicted of multiple offenses, including offenses related to illegal drug use. As a condition of Chadwick's supervised probation, the trial court ordered him to undergo an assessment by a drug treatment program and to comply with any treatment recommendations from that program.

Chadwick challenges this probation condition on appeal. As explained below, that special condition was reasonably related to Chadwick's rehabilitation and thus

well within the trial court's sound discretion. We therefore affirm the trial court's judgments.

**Facts and Procedural History**

On 16 September 2016, a police officer arrived at Defendant Marcus Chadwick's home to arrest him for failure to appear in court. As Chadwick went inside to get his shoes, the officer smelled a strong odor of marijuana and noticed a measuring scale and a shotgun in Chadwick's bedroom. The officer tried to detain Chadwick, but Chadwick fled. Law enforcement ultimately arrested Chadwick and found 62 grams of marijuana, digital scales, and other drug paraphernalia in his possession.

Chadwick was found guilty of felony possession of marijuana, misdemeanor possession of drug paraphernalia, felony assault on a law enforcement officer inflicting physical injury, and misdemeanor resisting a public officer. At sentencing, the trial court consolidated Chadwick's felony convictions and the drug paraphernalia conviction into one judgment and imposed a sentence of five to fifteen months in prison. The court suspended that sentence and placed Chadwick on supervised probation for thirty months.

The court also imposed a special probation condition because of the evidence of Chadwick's drug use. The court ordered Chadwick to "[r]eport for initial evaluation by TASC up to and includ[ing] inpatient treatment[,] participate in all further

evaluation, counseling, treatment, or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged." "TASC" is an acronym for "Treatment Accountability for Safer Communities," a drug treatment network that specializes in services for people involved in the justice system and suffering from substance abuse.

Chadwick appealed, challenging this special condition of his supervised probation.

**Analysis**

Chadwick argues that the trial court lacked authority to order him to be evaluated by the drug treatment program and then to comply with any treatment recommendations from the program. "A challenge to a trial court's decision to impose a condition of probation is reviewed on appeal using an abuse of discretion standard." *State v. Allah*, 231 N.C. App. 88, 98, 750 S.E.2d 903, 911 (2013). Under this standard, we can reverse only if "the trial court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Id.*

In addition to the regular conditions of probation, the trial court may require a probationer to comply with one or more "special conditions" described by statute. N.C. Gen. Stat. § 15A-1343(b1). Some of these special conditions require probationers to participate in medical, psychiatric, or substance abuse treatment. *See, e.g.*, N.C. Gen. Stat. § 15A-1343(b1)(1)–(2b). Chadwick argues that, under these provisions,

only the trial court can require a probationer to undertake a specific drug treatment action. Thus, he reasons, the trial court improperly delegated its authority by ordering that Chadwick undergo a drug treatment *evaluation* (not a specific course of drug treatment) and then ordering Chadwick to comply with whatever course of treatment the *program* (not the trial court) determined to be appropriate after that evaluation.

We need not decide whether Chadwick's statutory analysis is correct because this condition of probation is permissible under a separate section of the statute. In addition to the enumerated special conditions, the statute permits the trial court to require a probationer to "[s]atisfy any other conditions determined by the court to be reasonably related to his rehabilitation." N.C. Gen. Stat. § 15A-1343(b1)(10).

Trial courts have wide discretion to formulate conditions under this provision. *State v. Harrington*, 78 N.C. App. 39, 48, 336 S.E.2d 852, 857 (1985). The extent to which a condition of probation may be imposed under this provision "hinges upon whether the challenged condition bears a reasonable relationship to the offenses committed by the defendant, whether the condition tends to reduce the defendant's exposure to crime, and whether the condition assists in the defendant's rehabilitation." *Allah*, 231 N.C. App. at 98, 750 S.E.2d at 911.

Here, Chadwick was convicted of several crimes that suggest he suffers from substance abuse issues. A special probation condition requiring Chadwick to submit

to evaluation through a drug treatment program, and to comply with any treatment recommendations stemming from that evaluation, bears a reasonable relationship to Chadwick's drug-related crimes and is reasonably likely to reduce Chadwick's exposure to drug crimes and assist in his rehabilitation. Accordingly, the trial court's decision to impose this condition was well within the trial court's sound discretion.

## Conclusion

We affirm the trial court's judgments.

AFFIRMED.

Judges DILLON and ARROWOOD concur.